**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5204**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

        v.

THOMAS ARRONA JOHNSON,

                 Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Deborah K. Chasanow, Chief District Judge.  (8:10-cr-00102-DKC-1)

Submitted:  January 12, 2012          Decided:  February 9, 2012

Before KING, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sean P. Vitrano, HAZLEHURST VITRANO LLC, Hunt Valley, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Adam K. Ake, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Arrona Johnson was convicted by a jury of one count of conspiring to defraud the Internal Revenue Service ("IRS") by preparing and filing, and assisting others to prepare and file, false income tax returns in violation of 18 U.S.C. § 286 (2006) and eight counts of presenting false claims to the IRS in violation of 18 U.S.C. § 287 (2006). On appeal, Johnson challenges his convictions under 18 U.S.C. § 287, arguing that the district court erred in instructing the jury and that there is insufficient evidence to support a guilty verdict on three counts of conviction. For the following reasons, we affirm.

Johnson first contends that the district court failed to specifically instruct the jury that the making and presenting of false claims under § 287 must have been "willful." As Johnson concedes, the jury instructions may only be reviewed by this court for plain error because he did not request an instruction or object to those that were given. Fed. R. Crim. P. 30(d); United States v. Nicolaou, 180 F.3d 565, 569 (4th Cir. 1999). Under the plain error standard, Johnson must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). "This court reviews jury instructions in their entirety and as part of the whole trial" to determine "whether the court adequately instructed the jury on the

2

elements of the offense and the accused's defenses." United States v. Bostian, 59 F.3d 474, 480 (4th Cir. 1995) (citations omitted).

The statute of conviction proscribes the making of false claims to a department or agency of the United States. 18 U.S.C. § 287. Our review of the record leads us to conclude that the district court did not plainly err in instructing the jury as to the elements of the offense or available defenses. See, e.g., United States v. Bolden, 325 F.3d 471, 494 (4th Cir. 2003) ("we must uphold a conviction [under § 287] if the evidence shows the submission of a false claim and if the defendant acted with knowledge that the claim was false and with a consciousness that he was either doing something which was wrong, or which violated the law") (quotation marks and internal punctuation omitted); United States v. Blecker, 657 F.2d 629 (4th Cir. 1981) ("the government met its burden of proof in this case by showing that the defendants submitted invoices . . . with knowledge of their falsity . . ."); United States v. Catton, 89 F.3d 387, 392 (7th Cir. 1996) (§ 287 "does not explicitly require proof of willfulness . . .").

Johnson next argues that the Government did not present sufficient evidence to uphold the jury's verdicts of guilt on three counts of making a false claim — each related to

3

a separate taxpayer — under § 287.[*] This court will affirm the verdict if it is supported by "substantial evidence" when viewing the evidence in the light most favorable to the Government. United States v. King, 628 F.3d 693, 700 (4th Cir. 2011). "Substantial evidence" is evidence that a reasonable factfinder could accept as adequate to support a conclusion of guilty beyond a reasonable doubt. Id.

The jury found Johnson guilty of conspiring to defraud an agency of the United States under 18 U.S.C. § 286. Under the Pinkerton doctrine, "a person [is] liable for substantive offenses committed by a co-conspirator when their commission is reasonably foreseeable and in furtherance of the conspiracy." United States v. Ashley, 606 F.3d 135, 142-43 (4th Cir.) (citing Pinkerton v. United States, 328 U.S. 640, 647 (1946)), cert. denied, 131 S. Ct. 428 (2010).

Evidence at trial showed that Johnson was part of the conspiracy, that Johnson was aware of and involved in the scheme, that Johnson was aware of and involved in the preparation and filing of individual tax returns, and that the tax returns were a primary component of the scheme. It was therefore reasonably foreseeable that Williams would prepare and

---

[*] Johnson does not contend on appeal that his co-conspirator did not actually commit these offenses.

4

submit additional tax returns. Further, those returns were in furtherance of the overall conspiracy. Johnson's lack of active participation in the filing of the specific returns he challenges on appeal is irrelevant where he was a willing member of the conspiracy and the submission of the noted returns was both foreseeable and in furtherance of the conspiracy.

We therefore affirm the judgment of the district court. Because Johnson is represented by counsel on appeal, we deny his motion for leave to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>